## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 196 | **DATE** | February 7, 2008 |
| **CASE TITLE** | Dawayne Tolliver (#2007-0072569) v. James Novy | | |

**DOCKET ENTRY TEXT:**

Plaintiff Dawayne Tolliver's motion for leave to file his complaint *in forma pauperis* [3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a valid federal claim. The case is terminated. The court authorizes the trust fund officer at plaintiff's current place of confinement to deduct $4.00 from plaintiff's account and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Supervisor of Inmate Trust Fund Accounts at the Cook County Jail. This dismissal of plaintiff's complaint counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for the appointment of counsel [4] is denied.

■ [For further details see text below.]                                                                                             Docketing to mail notices.

### STATEMENT

　　　Plaintiff, Dawayne Tolliver (#2007-0072569), currently confined at the Cook County Jail, has filed a complaint in this court against attorney James Novy Rachele Conat and the law office of Rock Fasco, LLC. Plaintiff alleges that an attorney was appointed to represent plaintiff in a civil rights case that challenged the conditions of plaintiff's confinement, and that the attorney dismissed the case without consulting plaintiff.

　　　The court finds that plaintiff is unable to prepay the filing fee, and grants his motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $4.00. The court authorizes the supervisor of inmate trust accounts at the Cook County Jail to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the filing fee and, if he is transferred, the Cook County Jail trust account office shall notify authorities at another facility of any outstanding balance owed by plaintiff pursuant to this order.
**(CONTINUED)**

|  | Courtroom Deputy Initials: | isk |
|---|---|---|

**STATEMENT**

Although plaintiff may proceed *in forma pauperis*, his complaint fails to state a claim upon which relief may be granted by this court. Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of a complaint and dismiss it, if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting plaintiff's factual allegations as true and liberally construing his pro se complaint, the complaint fails to state a valid federal claim as a matter of law.

Plaintiff alleges that his attorney in a prior civil case acted unreasonably when the attorney had the case dismissed without first consulting with plaintiff. Assuming plaintiff's allegations are true, his complaint fails to state a claim on which relief can be granted by this court. To be liable under the Civil Rights Act, 42 U.S.C. § 1983, a defendant must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Plaintiff's attorney, even if appointed, is not a "state actor" for purposes of a civil rights suit. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Also, plaintiff had no constitutional right to counsel in his civil rights suit. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Plaintiff presents no claim upon which this court may grant relief. Plaintiff may be able to voice his complaint about his attorney in the action where the attorney was appointed, or in state court, or before a state agency; however, he may not raise his claim in a separate federal action.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).